United States Bankruptcy Court
Southern District of Texas

**ENTERED**

June 26, 2026

Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 25-37885** |
| WASI KHAN, | § | |
| | § | **CHAPTER 7** |
| Debtor. | § | |
| | § | |
| AA RECONDITIONING, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 26-3024** |
| | § | |
| WASI KHAN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on the Plaintiff AA Reconditioning, LLC's (the "Plaintiff") motion for summary judgment against the Defendant Wasi Khan (the "Debtor").[1] The issue presented is whether the state court's prior judgment serves to collaterally estop the Debtor from contesting the dischargeability of a judgment debt. For the reasons stated below, the Plaintiff's Motion for Summary Judgment is denied.

## BACKGROUND

The debt at issue arises from the 165th Judicial District Court of Harris County's (the "State Court") entry of summary judgment in favor

---

[1] ECF No. 12.

of the Plaintiff (the "Judgment").[2] There, the State Court found that the Debtor and his company, the Bright Plastics Recycling, Inc. ("BPI"), were jointly and severally liable for fraud.[3] Pursuant to the Judgment, the fraud was committed during the Debtor's sale of BPI's assets to the Plaintiff.[4]

In mid-2023, the Plaintiff inquired about an opportunity to acquire assets owned by BPI.[5] The assets included a leasehold interest in BPI's real property and improvements at 5602 Ledbetter Street in Houston, Texas (the "Recycling Property").[6] The Debtor, as the president and owner of BPI, acted as a lead negotiator in connection with the BPI asset sale transaction.[7] During negotiations, the Debtor allegedly maintained that BPI's assets were liability free and that the Recycling Property would be clean and free of waste upon transfer.[8] As alleged by the Plaintiff, the Debtor represented that the required deposit for the assets sale—in the amount of $117,00.00—would be kept in escrow until the sale was consummated and the assets were transferred to the Plaintiff.[9]

The Plaintiff maintains that he relied on the Debtor's representations during negotiations, and as a result, the Plaintiff entered into an Asset Purchase Agreement ("APA") with the Debtor for

---

[2] ECF No. 12 at 3–4 (referencing *AA Reconditioning, LLC v. Wasi Khan and Bright Plastics Recycling, Inc.*, Cause No. 2024-07344, in the 165th Judicial District Court of Harris County, Texas).

[3] ECF No. 12 at 4. *See also*, ECF No. 12, Ex.7, the Final Judgment which states in relevant part, "The Court has considered the pleadings and the official records in this cause and is of the opinion that a Final Summary Judgment should be rendered for Plaintiff against Defendants Wasi Kahn, individually, and Bright Plastics Recycling Inc. as Defendants Wasi Kahn, individually, and Bright Plastics Recycling Inc. are both to be found liable for Breach of Contract, Fraud, and Unjust Enrichment/Money Had and Received and there is no genuine issue of material fact regarding the same."

[4] ECF No. 12 at 4.

[5] ECF No. 12 at 4.

[6] ECF No. 12 at 4.

[7] ECF No. 12 at 4.

[8] ECF No. 12 at 4.

[9] ECF No. 12 at 4        .

the purchase of BPI's assets in October 2023.[10]  Before the sale closed, the Plaintiff discovered that BPI's assets had substantial environmental liabilities.[11]  Third-party assessment documents from AARC Environmental, Inc. ("AARC") corroborated the existence of these liabilities and demonstrated that the Debtor allegedly knew of the issues, but did not address them (*i.e.*, the Debtor allegedly continued releasing contaminated wastewater into the Houston bayous).[12]

After demanding that the Debtor clean the Recycling Property and after seeing no attempts to do so, the Plaintiff requested that the $117,000.00 deposit funds be returned.[13]  However, a BPI employee informed the Plaintiff that BPI had spent the deposit funds to acquire a new space, move its inventory, and pay off other liabilities.[14] The Debtor and BPI never returned the deposit funds nor transferred assets to the Plaintiff.[15]

Because the Plaintiff anticipated that he would acquire BPI's assets and the Recycling Property, he entered into an agreement with a customer to provide recycling services.[16] Due to the environmental liabilities, the Plaintiff was forced to find another vendor, Coastal Container Services, to fulfill his contractual obligations to the client, causing him to suffer an additional $299,340.00 in damages.[17]

On February 5, 2024, the Plaintiff filed its Original Petition against the Debtor in the State Court, alleging the causes of action for fraud, breach of contract, and unjust enrichment (the "State Court Action").[18] On February 20, 2025, the Plaintiff filed its motion for

---

[10] ECF No. 12 at 5.

[11] ECF No. 12 at 5.

[12] ECF No. 12 at 5; ECF No. 12-2 at 53–113.

[13] ECF No. 12 at 6; ECF No. 12-2 at 30 ¶ 9.

[14] ECF No. 12 at 6; ECF No. 12-2 at 47–48.

[15] ECF No. 12 at 6; ECF No. 2-2 at 31 ¶ 14.

[16] ECF No. 12 at 6.

[17] ECF No. 12 at 6; ECF No. 12-2 at 35–43.

[18]ECF No. 12 at 6 (filing action against the Debtor captioned *AA Reconditioning, LLC v. Wasi Khan and Bright Plastics Recycling, Inc.*, Cause No. 2024-07344, in the 165th Judicial District Court of Harris County, Texas).

summary judgment against the Debtor and the Debtor filed his Response, to which the Plaintiff replied on March 14, 2025.[19] On March 15, 2025, the Debtor filed another reply and a Notice of Corporate Dissolution to inform the State Court that BPI was dissolving.[20]

On March 18, 2025, the State Court granted a summary judgment in favor of the Plaintiff.[21] The State Court found no genuine of issue of material fact, holding the Debtor and BPI jointly and severally liable for breach of contract, fraud and unjust enrichment/money had and received.[22] As a result, the State Court awarded the Plaintiff $416,340.00 in actual damages, pre-judgment and post-judgment interest, $17,703.15 for costs and expenses, and $30,000 for additional attorney fees in the event of appeal.[23]

On May 8, 2025, the Debtor filed his Notice of Appeal in the State Court, which was assigned to the Houston 1st District Court of Appeals.[24] Ultimately, the Court of Appeals stayed the appeal and removed it from the State Court's active docket on January 21, 2026.[25]

On December 20, 2025, the Debtor filed his individual petition for bankruptcy under Chapter 7 of the Bankruptcy Code, listing the Plaintiff's judgment debt in the amount of $416,340.00 (the "Judgment Debt").[26] On January 31, 2026, the Plaintiff filed a complaint in the adversary proceeding here, seeking that the Judgment Debt be declared nondischargeable under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6).[27]

On April 6, 2026, the Plaintiff filed a Motion for Summary Judgment, arguing the Judgment Debt was nondischargeable because

---

[19] ECF No. 12 at 6-7; ECF No. 12-2; ECF No. 12-3; ECF No. 12-4.
[20] ECF No. 12 at 6; ECF No. 12-5; ECF No. 12-6 (notifying the State Court that BPI was dissolving on September 9, 2024).
[21] ECF No. 12 at 7; ECF No. 12-7.
[22] ECF No. 12 at 7; *See also*, ECF No. 12, Ex.7, the Final Judgment.
[23] ECF No. 12 at 7; ECF No. 12-7.
[24] ECF No. 12 at 7; ECF No. 12-10.
[25] ECF No. 12 at 8.
[26] ECF No. 12 at 7–8.
[27] ECF No. 1.

collateral estoppel applies to prevent relitigating the issue of actual fraud, and that the Judgment Debt meets the fraud exception to discharge under 11 U.S.C. § 523(a)(2)(A).[28]

In response, the Debtor contends the Judgment offers only a "conclusionary statement" holding the Debtor liable for fraud, without referencing any specific findings of the State Court regarding the elements required for actual fraud under § 523(a)(2)(A).[29] Because the Plaintiff fails to present any "specific, subordinate, factual findings" by the State Court, the Debtor maintains collateral estoppel does not apply to the State Court's Judgment for fraud. Therefore, the Debtor argues that summary judgment in favor of the Plaintiff on the issue of the nondischargeability of the debt is inappropriate.[30]

## JURISDICTION

28 U.S.C. § 1334(a) provides the District Courts with jurisdiction over this proceeding. 28 U.S.C. § 157(b)(1) states that "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." This proceeding has been referred to this Court under General Order 2012-6 (May 24, 2012). This Court has jurisdiction in this proceeding as it is a core proceeding which the Court can consider under 28 U.S.C. § 157(b)(2)(I). The Court has constitutional authority to enter final orders and judgments. *Stern v. Marshall*, 564 U.S. 462, 486–87 (2011). And venue is proper under 28 U.S.C. §§ 1408 and 1409.

## LEGAL STANDARD

Under FED. R. CIV. P. 56, as incorporated into this adversary proceeding through FED. R. BANKR. P. 7056, a movant is entitled to summary judgment if it demonstrates that "there is no genuine dispute

---

[28] ECF No. 17.
[29] ECF No. 17.
[30] ECF No. 17.

as to any material fact and [the movant] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute pertaining to a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there is a disputed material fact precluding summary judgment, "courts [ ] consider the evidence in the light most favorable to the nonmovant, yet the nonmovant may not rely on mere allegations in the pleadings; rather, the nonmovant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial." *Spivey v. Robertson*, 197 F.3d 772, 774–75 (5th Cir. 1999) (citing *Anderson*, 477 U.S. at 248–49). "[U]nsubstantiated assertions are not competent summary judgment evidence." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Id.* (citing *Celotex Corp.*, 477 U.S. at 322).

## DISCUSSION

The Plaintiff seeks to use collateral estoppel to support the determination that the State Court's Judgment against the Debtor falls within the discharge exception for actual fraud under § 523(a)(2)(A) as a matter of law. The Court will discuss the sufficiency of the claim below.

### I.  Collateral Estoppel Applies to Bankruptcy Dischargeability Proceedings.

Section 523(a)(2)(A) of the Bankruptcy Code provides that an individual debtor will not be discharged from any debt for "money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . actual fraud." Further, collateral estoppel may apply to bankruptcy dischargeability proceedings under § 523(a). *Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264, 270 (5th Cir. 2005) (citing *Grogan v. Garner*, 498 U.S. 279, 291 (1991)). The parties are estopped

from relitigating issues relevant to a determination of whether a debt is dischargeable if collateral estoppel applies. *Id.*

For a prior judgment to have a preclusive effect, the Court must apply the relevant collateral estoppel rules in the state where the judgment is rendered. *See Anh Van Dang v. Gilbert, et al. (In re Dang)*, 560 B.R. 287, 291 (S.D. Tex. 2016). Under Texas law, a party a must establish the following elements to establish collateral estoppel: "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action, (2) those facts were essential to the judgment in the first action, and (3) the parties were cast as adversaries in the first action." *Id.* (citing *Mann v. Old Republic Nat. Title Ins. Co.*, 975 S.W.2d 347, 350 (Tex. App. Houston 1998) (no pet.)).

Whether collateral estoppel precludes the Judgment Debt from being discharged in this proceeding turns on whether the elements of collateral estoppel are met. The Court will not discuss the sufficiency of the third element because both parties participated as adversaries in the State Court Action. Instead, the Court will address the other elements to determine whether the facts relevant to this proceeding were essential to the Judgment, and whether the parties fully and fairly litigated the facts relevant to this proceeding in the prior State Court Action.

### A. The Facts Supporting Actual Fraud Were Not Essential to the Prior Judgment.

The Court will first discuss the second element of collateral estoppel—whether the facts supporting actual fraud were essential to the Judgment in the State Court Action.

Under Texas law, the second element focuses on the Restatement (Second) of Judgments § 27 comment i., stating that "[i]f a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone." *In re Dang*, 560 B.R. 287, 291 (quoting *Eagle Properties,*

*Ltd. v. Scharbauer*, 807 S.W.2d 714, 722 (Tex. 1990)). Therefore, if the jury awards damages on alternate grounds, the collateral estoppel doctrine does not apply and a bankruptcy court "must hold an evidentiary hearing to decide dischargeability and apportion damages if some result from a nondischargeable debt." *Id.* (citing *In re Schwager*, 121 F.3d 177, 184 (5th Cir. 1997)).

In *In re Dang*, the jury awarded damages for a combination of false pretenses, unconscionable conduct, actual fraud, and statutory fraud. *Id.* at 291. Because only two out of four bases of the award exempt damages from discharge, the court held that the bankruptcy court must review the evidentiary record or hold an evidentiary hearing on the apportionment of dischargeable damages. *Id.* The court reasoned that "alternative grounds for the award does not make the case for issue preclusion stronger. More alternative bases make[] the conjunctive nature of the award apparent and accords with the Restatement's comment that any single ground for the award may not have been considered sufficient on its own." *Id.* at 295.

Similarly, the Judgment here awards the Plaintiff with $416,340.000 in actual damages for the Debtor's breach of contract, fraud, *and* unjust enrichment/money had and received.[31] The award is based on damages that are nondischargeable and dischargeable— damages arising from actual fraud are nondischargeable, but damages arising from breach of contract and unjust enrichment are dischargeable. *See* 11 U.S.C. § 523. There is nothing in the Judgment or the State Court record to show that the Judgment award of $416,340.00 is entirely based on fraud. The award can be upheld based on the determination of other claims—breach of contract and unjust enrichment/money had and received—and therefore, the facts supporting actual fraud are not essential to the prior State Court's Judgment.

For this reason, the second element of collateral estoppel fails.

---

[31] ECF No. 12-7.

### B. The Parties Have Not Fully and Fairly Litigated Facts Relevant to the Debt Dischargeability Fraud Exception Under § 523(a)(2)(A).

The Court will now analyze the first element of collateral estoppel—whether the facts sought to be litigated in this proceeding were fully and fairly litigated in the prior State Court Action.

The prior court must make "specific, subordinate, factual findings on the identical dischargeability issue in question . . . [,] which encompasses the same *prima facie* elements as the bankruptcy issue[,]" to collaterally estop a debtor from relitigating issues on debt dischargeability. *Dennis v. Dennis (In re Dennis),* 25 F.3d 274, 278 (5th Cir. 1994). Therefore, for a prior judgment to be fully and fairly litigated, there must be evidence indicating that the state court based its judgment on the evidence presented to it. *Pancake v. Reliance Ins. Co. (In re Pancake),* 199 B.R. 350, 355 (N.D. Tex. 1996), *aff'd sub nom. Matter of Pancake,* 106 F.3d 1242 (5th Cir. 1997). A single line in the state-court record referencing that that the court heard "the evidence and arguments of counsel" does not suffice. *Id.*

As the Debtor correctly asserts, the Judgment does not present specific factual findings establishing each element of actual fraud under § 523(a)(2)(A). The Judgment merely states that the Debtor is "*found liable for . . . Fraud . . . and there is no genuine issue of material fact . . . .*"[32] Although the State Court "considered the pleadings and official records on file,"[33] the Court cannot find evidence of specific factual findings in the record demonstrating that the State Court based its Judgment on the evidence presented to it. Therefore, the Judgment alone, is insufficient to invoke collateral estoppel to prevent relitigation of the issue of actual fraud.

---

[32] ECF No. 12-7.
[33] ECF No. 12-7.

However, when a state-court judgment does not contain specific factual findings on actual fraud to justify preclusion, the Court "should look beyond the judgment and examine . . . [the] evidence produced in the state-court proceedings that support the judgment." *In re Dang*, 560 B.R. at 293. To find common law fraud, the following elements must be satisfied: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.[34] *Saenz v. Gomez*, 899 F.3d 384, 391 (5th Cir. 2018) (citing *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001)).

In particular, the "reliance" element under common law fraud requires the party's reliance on the misrepresentation to be *justifiable*.[35] *See Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010); *Lewis v. Bank of Am. NA*, 343 F.3d 540, 546 (5th Cir. 2003). A person is not justified in relying on the representation if a cursory examination or investigation would have disclosed the falsity of the factual representation. *In re Mercer*, 246 F.3d 391, 417 (5th Cir. 2001); *Field v. Mans*, 516 U.S. 59, 71 (1995); *Lewis*, 343 F.3d at 547 (holding that the plaintiff's decision to enter into the transaction without undertaking additional investigation into its tax consequences was not justifiable, given the amount of money involved in the transaction and

---

[34] The elements of common law fraud correspond with the elements of actual fraud under § 523(a)(2)(A): "(1) the debtor made a representation; (2) the debtor knew the representation was false; (3) the representation was made with intent to deceive the creditor; (4) the creditor actually and justifiably relied on the representation; and (5) the creditor sustained a loss as a proximate result." *Saenz*, 899 F.3d at 394.

[35] Actual fraud under § 523(a)(2)(A) encompasses different forms of fraud, such as a misrepresentation or a fraudulent conveyance scheme without a misrepresentation. *See Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 355, 359 (2016). In a case where fraud is perpetrated through a misrepresentation, similarly to the reliance element of common law fraud, the degree of reliance on the representation needs to be *justifiable* to establish actual fraud under § 523(a)(2)(A). *See generally id.* at 365–366; *Field*, 516 U.S. at 74–75.

the ambiguous nature of the representation). Moreover, a person is not justified in relying on a representation if there are red flags indicating that reliance is unwarranted. *In re Mercer*, 246 F.3d at 418.

In this case, because the Court cannot find specific factual findings of fraud in the Judgment, the Court will look beyond the Judgment and examine the summary judgment evidence produced in State Court that supports the finding of common law fraud. *See In re Dang*, 560 B.R. at 293. In the facts presented before the State Court, the Plaintiff agreed to a term in the APA, stating that "[t]he physical condition of all assets being sold *have been inspected and assessed by [the Plaintiff]*."[36] However, the record indicates that the Plaintiff conducted an inspection of the Recycling Property *after* entering into the APA, but before the sale closing.[37] The record raises a factual issue with respect to whether the Plaintiff's reliance on the Debtor's representation is justifiable.

As a result, the first element of collateral estoppel also fails. The facts supporting fraud have not been fully and fairly litigated in the State Court because the evidence raises a factual issue on whether the Plaintiff's reliance is justifiable.

## CONCLUSION

As discussed above, the facts supporting actual fraud are not essential to the prior Judgment because the Judgment award can be upheld based on the determinations of other claims, such as breach of contract and unjust enrichment. Additionally, the issue of justifiable reliance has not been fully and fairly litigated in State Court.

---

[36] ECF No. 12-2 at 33.
[37] ECF No. 12-2 at 3.

Accordingly, the Court hereby DENIES the Plaintiff's Motion for Summary Judgment. An appropriate order consistent with this opinion will be entered.


SIGNED 06/26/2026


Alfredo R Pérez
United States Bankruptcy Judge